# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| ODYSSEY HEALTHCARE, INC. f/d/b/a VISTACARE, INC. | § § § | SA-09-CV-796-XR |
| Defendant. | § § | |

## ORDER

Before the Court is Aless D. Menchaca's Motion for Leave to Intervene (docket no. 3). After considering the motion and applicable law, the Court grants the motion.

### I. Statement of the Case

The Equal Employment Opportunity Commission (EEOC) brought the current action against Odyssey Healthcare, Inc. (Odyssey), on September 29, 2009. The EEOC filed suit under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to provide relief to Aless D. Menchaca. In its complaint, the EEOC alleges that Odyssey discriminated against Menchaca based on his national origin and acted in retaliation for his engaging in protected activity.

On or about February 20, 2008, Menchaca, who was employed at Odyssey's Kerrville, Texas facility, filed a verbal complaint with his employer's Human Resources Director. In this complaint, Menchaca claimed that his supervisor was attempting to fire him and had made racial slurs directed toward him. On March 20, 2008, Defendant terminated Menchaca's employment. Menchaca and the EEOC claim he was terminated in retaliation for Menchaca's prior complaints of discrimination.

The EEOC seeks permanent injunctions enjoining Odyssey from discriminating based on national origin and from engaging in retaliation for conduct protected by Title VII. It also seeks

monetary relief that would make Menchaca whole, compensation for past and future pecuniary losses, compensation for past and future non-pecuniary losses, and punitive damages for engaging in discriminatory practices.

Menchaca seeks an intervention of right pursuant to the provisions of 42 U.S.C § 2000e-5(f)(1).

## II. Legal Standards and Analysis

Under the Federal Rules of Civil Procedure, parties are permitted to voluntarily join a pending suit, and courts generally construe this right broadly. *See* FED. R. CIV. P. 24. An intervention of right requires that the party show that a federal statute gives them an unconditional right to intervene in the action. FED. R. CIV. P. 24(a)(1). In Title VII cases brought by the EEOC, the individuals on whose behalf the case is brought have such an unconditional right under 42 U.S.C.A. § 2000e-5(f)(1). The Supreme Court has held that if the EEOC files suit on its own, the statutory scheme prevents the employee from bringing a separate federal cause of action for a violation of Title VII while the EEOC's action is pending, but the employee may intervene in the EEOC's suit. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 291 (2002); *see also EEOC v. Woodmen*, 479 F.3d 561, 570 (8th Cir. 2007)("an employee indisputably has a right to intervene in an EEOC enforcement action."). Thus, Menchaca has satisfied the unconditional right requirement of Rule 24. *See* FED. R. CIV. P. 24(a)(1).

A motion to intervene must also be timely filed. *See* FED. R. CIV. P. 24(b)(3). In order to determine whether the motion to intervene is timely, the court considers the length of time between the intervenor's learning of his interest and filing, the prejudice to the defendant from intervention, the prejudice to the intervenor from a denial of intervention, and any unusual circumstances. *In re Lease Oil Antitrust Litigation*, 570 F.3d 244, 247-48 (5th Cir. 2009). This suit has been pending only two months, and Menchaca claims to have only recently learned of the suit. Odyssey should not be prejudiced because Menchaca's claims are identical to those of the EEOC and involve the same transactions. Further, "during the pendency of the EEOC's enforcement action, the statutory scheme

2

prevents [Menchaca] from bringing a separate federal cause of action." *Woodmen*, 479 F.3d at 568. Accordingly, intervention is proper.

## III. Conclusion

IT IS HEREBY ORDERED that Aless Menchaca's Motion for Leave to Intervene (docket entry no. 3) is **GRANTED**.

It is so ORDERED.

SIGNED this 18th day of December, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE